## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PRISCILLA BLUNT, on behalf of herself and
all others similarly situated,

      Plaintiffs,

v.                                      Case No.: 8:16-cv-2430-T-30MAP

FINANCIAL BUSINESS AND
CONSUMER SOLUTIONS, INC.,

      Defendants.
_____/

### DEFENDANT'S MOTION TO STAY PROCEEDINGS

COMES NOW, Defendant, FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. ("Defendant"), by and through its undersigned counsel, and hereby moves for a stay of all proceedings in this action pending resolution of the following pending appeals: *Christopher Olson v. Cavalry Portfolio Services, LLC,* Case No. 8:15-cv-2520-T-23AAS, 2016 WL 4248009 (M.D. Fla. August 11, 2016), Appeal No.: 16-16680; and *Stephen Holzman v. Malcolm S. Gerald & Associates, et al,* District Court Case No.: 9:16-cv-80643-RLR, Appeal No.: 16-16511-EE, and states the following in support thereof:

**I.    Factual Background Procedural History.**

On August 24, 2016, Plaintiff, PRISCILLA BLUNT ("Plaintiff"), on behalf of herself and all others similarly situated, brought this putative class action against Defendant for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") predicated entirely on Defendant's alleged collection letter. *See,* DE 1, generally. Specifically, Plaintiff alleges that Defendant's collection letter offered to resolve Plaintiff's time-barred debt without disclosing that the "obligation is beyond the applicable statute of limitations" and that, if Plaintiff makes a partial payment, "the applicable statute of limitations could reset or begin

anew." *Ibid.* at ¶¶ 24; 34-36. The allegations in Plaintiff's Complaint are substantially similar to claims recently dismissed by courts in *Olson* and *Holzman* and for which appeals are currently pending.

a)  The *Olson* Case.

In *Christopher Olson v. Cavalry Portfolio Services, LLC,* Case No. 8:15-cv-2520-T-23AAS, 2016 WL 4248009 (M.D. Fla. August 11, 2016), plaintiff brought a putative class action alleging defendant violated the FDCPA based on the content of the defendant's debt collection letters. Specifically, the letters at issue offered to "settle" plaintiff's account, which "implies that [defendant] could sue to compel payment of the time-barred debt." *Id.* at 3. On or about September 23, 2016, the *Olson* court granted defendant's Motion to Dismiss finding that "the FDCPA imposes no duty to advise… of potential defenses, including the expired limitation or the consequence of partial payment" and "because it is not unlawful to seek voluntary repayment of a time-barred debt, the allegations fail to establish a claim." *Id.* On October 24, 2016, the plaintiff filed a Notice of Appeal of the court's ruling, and that appeal remains pending. *See,* **EXHIBIT A**, Notice of Appeal.

Likewise, in *Stephen Holzman v. Malcolm S. Gerald & Associates, et al*, District Court Case No.: 9:16-cv-80643-RLR, Appeal No.: 16-16511-EE, the plaintiff brought a putative class action alleging the defendant violated the FDCPA because defendant's debt collection letter failed to advise that the debt was outside of the statute of limitations and/or that a partial payment would renew the statute of limitations.[1] *See,* **EXHIBIT B**, *Holzman* Complaint, at ¶¶ 42 and 44. The defendant filed a motion to dismiss arguing the FDCPA does not require that collection letters provide legal advice to debtors regarding potential legal defenses, including

---

[1] *Holzman* also included claims for violations of the Florida Consumer Collection Practices Act ("FCCPA") which have not been alleged in the instant matter. Those claims were dismissed for lack of subject matter jurisdiction.

applicable statute of limitations. *See,* **EXHIBIT C**, *Holzman* Motion to Dismiss, generally. The Southern District of Florida court dismissed the plaintiff's FDCPA claims, with prejudice, for failure to state a claim. On October 5, 2016, the plaintiff filed a Notice of Appeal of the court's ruling, and that appeal remains pending. *See,* **EXHIBIT D**, Notice of Appeal.

Through the instant Motion, Defendant seeks an Order issuing a stay pending the resolution of the *Olson* and *Holzman* appeals.

## II.  Legal Standard.

Nearly 75 years ago the United States Supreme Court recognized the inherent power of district courts "to stay proceedings in one suit until the decision of another" in furtherance of the fair and efficient administration of justice. *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). Justice Cardozo explained "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* at 254. The Supreme Court delineated two basic requirements for the grant of a discretionary stay. First, a party that seeks such a stay "must make a clear case of hardship or inequity in being required to go forward." *Id.* Second, such a stay must have time limit that is reasonable under the circumstances. *Id.* at 257. The high Court made it clear however, there is nothing per se impermissible about staying a lawsuit until the outcome of another related action has been determined. *Id.* at 258.

This Court has discretion to grant a temporary stay based on a variety of circumstances pending final resolution of the *Olson* and *Holzman* appeals, as set forth in *Ortega Trujillo b. Conover & Company Communications,* 221 F.3d 1262, 1264 (11th Cir.2000); *Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc.,* 524 F.3d 1235, 1241 (11th Cir.2008) ("[D]istrict courts have inherent, discretionary authority to issue stays in many circumstances."). "A stay is authorized simply as a means of controlling the district court's docket and managing cases before

3

the district court." *Postel Indus., Inc. v. Abrams Group Const., L.L.C.*, 6:11-CV-1179-ORL-28, 2013 WL 1881560, at *3 (M.D. Fla. 2013), *report and recommendation adopted,* 6:11-CV-1179-ORL-28, 2013 WL 1881556 (M.D. Fla. 2013).

### III. Legal Argument.

Plaintiff's claims are predicated exclusively on Defendant's alleged violation of the FDCPA for sending a debt collection letter which failed to provide notice that the debt was time-barred and/or that partial payment could allegedly renew the statute of limitations.  The basis of Plaintiff's claims was recently considered and dismissed by the Southern District of Florida in *Holzman* and the Middle District of Florida in *Olson*, each of which involve a pending appeal to the United States Court of Appeals for the Eleventh Circuit.  If the pending appeals in *Olson* and *Holzman* are resolved in favor of upholding the district courts' dismissals, the sole basis of Plaintiff's instant claims will likely be extinguished. As a result, the inherent inequity of proceeding with the instant litigation prior to the resolution of the *Olson* and *Holzman* appeals strongly favors a temporary stay of this action. Otherwise, there is a risk of an inconsistent result should Defendant in the instant case be found liable for FDCPA violations predicated on alleged acts that the Eleventh Circuit affirms fail to state a claim. The prevention of such an inconsistent result is directly in line with the purpose of the court's inherent power to stay proceedings "in furtherance of fair and efficient administration of justice." *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).

The length of the requested stay would be temporary and reasonable under the circumstances. The stay would only be in effect until the pending *Olson* and *Holzman* appeals are resolved and the most recently filed Notice of Appeal, in *Olson*, has already been pending for over one month, as it was filed on October 24, 2016.

Moreover, neither party will be prejudiced if this Court grants the requested stay, as only

one of two possible scenarios must necessarily occur. The Eleventh Circuit upholds the *Olson* and *Holzman* dismissals, likely extinguishing the basis of the Plaintiff's claims. Such a result would not only have saved judicial resources but both parties will have been spared from the financial expenditures in connection with litigating this case in the coming months. Alternatively, the *Olson* and *Holzman* dismissals are reversed, and all that would be lost is a comparatively short amount of time in light of the alleged defaulted obligation which "occurred on or about December 2009." *See,* DE 1 at ¶ 32.  Consequently, it is in the interest of judicial economy to stay this case pending resolution of the *Olson* and *Holzman* appeals to conserve resources of this Court and the parties.

WHEREFORE, Defendant, FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., respectfully requests an Order from this Honorable Court issuing a stay pending resolution of the *Olson* and *Holzman* appeals.

Respectfully submitted by:

  /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
JOSEPH C. PROULX, ESQ.
Florida Bar No. 0056830
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
jproulx@gsgfirm.com
Counsel for Defendant

## **<u>LOCAL RULE 3.01(g) CERTIFICATION</u>**

I HEREBY CERTIFY that, pursuant to Local Rule 3.01(g), the undersigned has conferred in good faith with Plaintiff's counsel regarding the relief sought through the instant Motion. Plaintiff's counsel has indicated Plaintiff opposes the relief sought in this Motion.

 /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on December 1, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080

6