**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| PRISCILLA BLUNT, on behalf of herself and all others similarly situated, | Civil Case No. 8:16-cv-02430 (JSM)(MAP) |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC., | |
| Defendant(s). | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY**

Alex A. Stern, Esq.
Little Guy Law Firm, PLLC
16375 NE 163rd Ave., Ste. 321
North Miami Beach, Fla. 33162
(305) 900 5489 telephone
littleguy@getourdepositback.com
*Attorneys for Plaintiffs*

Joseph K. Jones, Esq.
Benjamin J. Wolf, Esq.
Jones, Wolf & Kapasi, LLC
555 Fifth Avenue, Suite 1700
New York, New York 10017
(646) 459 7971 telephone
jkj@legaljones.com
bwolf@legaljones.com

On the Memorandum:

Alex A. Stern, Esq.
Joseph K. Jones, Esq. (admitted *pro hac vice*)
Benjamin J. Wolf, Esq. (admitted *pro hac vice*)

## **TABLE OF CONTENTS**

**Page**

Table of Authorities............................................................................................................ii

PRELIMINARY STATEMENT........................................................................................1

LEGAL ARGUMENT.........................................................................................................4

    I.    Plaintiff's Case Should Not Be Stayed As the *Olsen* and *Holzman* Decisions Involve Different Legal Theories and Plaintiff Will Be Prejudiced By Delaying this Case Further.............................................................................4

        A.    FBCS Ignores This Court's Recent Decision In *Lopera v Midland*.............4

        B.    The *Olsen* Decision is Inapplicable to Plaintiff's Case...............................7

        C.    The *Holzman* Decision is Inapplicable to Plaintiff's Case..........................8

CONCLUSION...................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

Buchanan v Northland Group, Inc., 776 F.3d 393 (6th Cir. 2015)..............................6-7

Daugherty v Convergent Outsourcing, Inc., 836 F.3d 507 (5th Cir. 2016).................6,9

Ehrich v Convergent Outsourcing, 2015 WL 6470453 (S.D. Fla. October 28, 2015).................5-6

Freyermuth v Credit Bureau Services, Inc, 248 F.3d 767 (8th Cir. 2001)......................6

Holzman v Malcolm S. Gerald & Associates, 9:16-cv-80643 (RLR)
    (SD Fla., West Palm Beach Division, September 9, 2016)........................3-4,7-9

Huertas v Galaxy Asset Management, 641 F.3d 28 (3d Cir. 2011)..................................6

Lopera v Midland, 2016 WL 6650744
    (M.D. Florida, Tampa Division, November 10, 2016).................................4-7,9

McMahon v LVNV Funding, LLC, 744 F.3d 1010 (7th Cir. 2014)...............................6

Olsen v Calvary Portfolio Services, LLC, 2016 WL 4248009
    (M.D. Florida, August 11, 2016)..............................................................2-8

Tatis v. Allied Interstate, LLC, No. 16–00109, 2016 WL 5660431 (D.N.J. Sept. 29, 2016)..........6

**Statutes**

15 U.S.C. §1692 *et seq.,* the Fair Debt Collection Practices Act (FDCPA).........................*passim*

    Section 1692e................................................................................................2,7
    Section 1692e(2)(A).....................................................................................2,7
    Section 1692e(10)........................................................................................2,7
    Section 1692f................................................................................................2,7

Fed. R. Civ. P. §12(b)(6)....................................................................................4

## PRELIMINARY STATEMENT

In a one page collection letter dated September 9, 2015 (ECF No. 1) Defendant, Financial Business & Consumer Solutions, Inc ("FBCS") a debt collector, wrote to Plaintiff, Priscilla Blunt ("Plaintiff"), in an attempt to collect a debt purportedly originally owed to St. Joseph's Hospital but currently owed to CF Medical, LLC.  FBCS attempted to collect the CF Medical LLC debt long after the statute of limitations had expired by enticing Plaintiff to enter into an agreement (via options "1" through "4") to pay a specified dollar amount over a specified period of time while simultaneously:

1. failing to inform Plaintiff that the statue of limitations, as to the original debt had already expired;

2. failing to inform Plaintiff that FBCS and/or CF Medical LLC were barred from commencing any legal action to collection the original debt;

3. failing to inform Plaintiff that entering into the new agreement would create a new obligation;

4. failing to inform Plaintiff that a new statute of limitations would be created as to the new obligation; and

5. failing to inform Plaintiff that should default on a single payment under the new obligation, CF Medical LLC would have then have the ability to commence a legal action, as to the new obligation.

On August 24, 2016, Plaintiff filed a class action Complaint (ECF No. 1 *et seq*) against FBCS seeking damages as well as declaratory and injunctive relief arising from FBCS' violation of 15 U.S.C. §1692 *et seq.,* the Fair Debt Collection Practices Act (FDCPA), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. More specifically,

Plaintiff alleges that violated Sections 1692e; 1692e(2)(A),1692e(10) and 1692f of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of a debt; and, using unfair or unconscionable means to collect or attempt any debt. Id.

Plaintiff properly pled that the applicable statute of limitations for the CF Medical LLC obligation expired long before September 9, 2015 *See* ECF No.1, ¶¶31-33. Accordingly, when FBCS mailed the September 9, 2015 letter to Plaintiff, the 5 year statute of limitations for the CF Medical LLC obligation had long since expired. *See* ECF No. 1. Thus, while knowing that the statute of limitations expired, FBCS drafted a misleading debt collection letter with the purpose of either:

> \* Misleading the least sophisticated consumer into thinking they still legally had to pay the entire debt to FBCS, and/or;
>
> \* Deceiving the least sophisticated consumer into making one of several offered partial payment options, which FBCS knew would reset the statute of limitations on FBCS' ability to commence legal action on the debt. *See* ECF No.1.

Critically, nowhere in the September 9, 2015 letter does FBCS apprise the least sophisticated consumer that the statute of limitations for the debt expired or that FBCS could not commence legal action against Plaintiff[1]. *See* ECF No. 1; *infra* **Section I(B)**. Even assuming, *arguendo*, that Plaintiff was actually responsible for the CF Medical LLC obligation when FBCS sent the September 9, 2015 debt collection letter, FBCS failed to apprise Plaintiff that she had no legal obligation to pay the debt and there was nothing FBCS could do to enforce this. Id. To that end, the September 9, 2015 letter states the following, in relevant part:

> "We can accept this reduced amount under your preferred option:
>
> 1. Pay the full amount of $275.00 to us in one payment.

---

[1] It is for this reason, FBCS' reliance on Olsen v Calvary Portfolio Services, LLC, 2016 WL 4248009 (M.D. Florida, August 11, 2016) is unavailing. *See* ECF No.9**;** *see also* pleadings in Olsen annexed as **Exhibit A** to the Certification of Alex A. Stern, Esq. ("Stern Cert"); *infra* **Section I(B)**.

      2. Pay $55.00 as a down payment and the remaining balance of $220.00, 30 days after your 1st payment is received.

      3. You may have an opportunity to split your settlement into 6 payments of $45.83 each..."

      4. Contact one of our agents...there may be other options based on your specific situation..."

Consequently, the September 9, 2015 letter is further deceptive and misleading because it states that the aforementioned options are the only ones available to Plaintiff. Given that the statute of limitations had expired, Plaintiff could choose a fifth option by simply ignoring the letter, and FBCS still could not commence legal action against her to collect the debt. Plaintiff did not have to abide by the option "1" and make a lump sum payment of $275.00 because the statute of limitations had expired. Similarly, Plaintiff did not have to abide by option "2" and make a partial payment of "...$55.00 as a down payment and the remaining balance of $220.00, 30 days after your 1st payment is received" because the statute of limitations had expired. Furthermore, Plaintiff did not have to abide by option "3" "...to split your settlement into 6 payments of $45.83 each...", and make a different partial payment amount than option"2" or abide by option "4" to contact one of FBCS' agents about "other options". In fact, had Plaintiff complied with the various option, FBCS misled Plaintiff because FBCS failed to inform Plaintiff that the statute of limitations would then reset or begin anew, providing FBCS another opportunity to sue Plaintiff on the debt.

Plaintiff's legal theory regarding how FBCS violated the FDCPA is drastically different than that set forth in Olson and/or Holzman v Malcolm S. Gerald & Associates, 9:16-cv-80643 (RLR) (SD Fla., West Palm Beach Division, September 9, 2016). *See* ECF No. 9; *see also* transcript in Holzman[2] dated September 9, 2016 annexed to the Stern Cert as **Exhibit B**[3]; *infra*

---

[2] Defense counsel in Holzman also represents FBCS here.

**Section I(B); Section I(C).** Notably, FBCS neglects to inform this Court that Plaintiff's legal theory recently survived a Fed. R. Civ. P. §12(b)(6) motion to dismiss in <u>Lopera v Midland</u>, 2016 WL 6650744, *2, 4-5 (M.D. Florida, Tampa Division, November 10, 2016) in which this Court specifically distinguished Plaintiff's legal theory from that in <u>Olson</u>. *Infra* **Section I(A); Section I(B)**. For these reasons, Plaintiff will be prejudiced by further delaying this case, and FBCS' motion to stay this matter should be denied.

## LEGAL ARGUMENT

I. **Plaintiff's Case Should Not Be Stayed As the *Olsen* and *Holzman* Decisions Involve Different Legal Theories and Plaintiff Will Be Prejudiced By Delaying this Case Further**

As a general matter, Plaintiff does not dispute the well-established legal standard set forth by FBCS for this Court to stay this case. *See* ECF No. 9, p.3. However, because FBCS relies solely on the inapplicable holdings in <u>Olsen</u> and <u>Holzman</u> in support of its motion, because this Court's recent decision in <u>Lopera</u> distinguished the Olsen case, and because Plaintiff's legal theory is different than pled in <u>Olsen</u> and/or <u>Holzman</u>, FBCS' motion to stay should be denied. *Infra* **Section I(A); Section I(B)** and **Section I(C)**.

A. **FBCS Ignores This Court's Recent Decision In *Lopera v Midland***

Less than 2 months ago, on November 10, 2016, this Court, in this Division, denied that defendant/debt collector's Fed. R. Civ. P. §12(b)(6) motion to dismiss where that plaintiff made an identical FDCPA argument as pled by Plaintiff here.[4]  *See* <u>Lopera</u>, 2016 WL 6650744. This

---

[3] Lettered exhibits are annexed to the Stern Cert.

[4] Plaintiff's counsel in <u>Lopera</u>, including attorneys admitted *pro hac vice*, are the same as represent Ms. Blunt here.

Court aptly set forth that plaintiff's argument pled in the FDCPA complaint:

> "...Lopera allegedly incurred a debt with FIA Card Services, N.A., on which he defaulted. Subsequently, Midland Funding, LLC, acquired ownership of the debt and referred it to the debt collector Midland. On June 3, 2015, Midland sent a letter to Lopera attempting to collect on the debt.). The letter stated that Lopera owed a current balance of $6,205.96.). Additionally, under the heading 'Choose the Option that Works for You,' the letter states:
> [Midland] understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid Fia Card Services, N.A. account, which is owned by MIDLAND FUNDING LLC. Select one of the three options below and get closer to having one less thing to worry about.
>
> Option 1: 40% OFF You Pay Only Payment Due Date: 07–03–2015 $3,723.57
>
> Option 2: 20% OFF 12 Monthly Payments of Only Payment Due Date: 07–03–2015 $413.73
>
> Option 3: To hear more options, call one of our Account Managers.
>
> If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.
> (Id.).
>
> However, the letter did not advise Lopera that the three year statute of limitations had expired for the debt, meaning that Midland could not sue him to collect payment. Additionally, the letter did not explain that if Lopera were to select Option 2, and make a partial payment on the debt, the statute of limitations might reset. Thus, if Lopera made a partial payment, he could inadvertently reestablish Midland's ability to sue him.
>
> According to Lopera, Midland regularly sends similar letters attempting to collect time-barred debts, in which Midland does not disclose that the statute of limitations has expired and offers payment plans that would cause the statute of limitations to reset when the debtor makes a partial payment or enters into an agreement to pay." (internal citations omitted)

Id. at *1.

In denying the defendant/debt collector's motion to dismiss, the Court opined, in relevant part:

> "*However, the letters in Ehrich[5] and Olsen are distinguishable. The Olsen letter offered to 'settle' the debt for a percentage of the outstanding balance but also stated: 'The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. We will continue to report information about your account to credit reporting agencies.' Olsen, 2016 WL 4248009, at \*1. The Midland letter does not contain such an*

---

[5] 2015 WL 6470453 (S.D. Fla. October 28, 2015)

*assurance that the debt collector would not sue because of the debt's age; rather, the letter is silent as to litigation and the debt's age.* And the Ehrich letter only mentioned a full settlement offer of the time-barred debt, so the court did not consider whether a partial payment offer that might revive the debt's legal enforceability would be misleading under the FDCPA. See Ehrich, 2015 WL 6470453 at *1.

The Court disagrees with Midland and finds the reasoning of Daugherty, McMahon, and Buchanan persuasive. *Although the Midland letter did not request that Lopera 'settle' his debt, the letter lists payment options with which Lopera may 'resolve' his debt, which could lead a consumer to believe that Midland could enforce the debt in court but was offering a compromise instead.* See McMahon, 744 F.3d at 1020 (stating that 'it is plausible that an unsophisticated consumer would believe a letter that offers to 'settle' a debt implies that the debt is legally enforceable...'); see also Tatis v. Allied Interstate, LLC, No. 16–00109, 2016 WL 5660431, at *9 (D.N.J. Sept. 29, 2016) (refusing to draw a distinction between letters offering to 'settle' a debt and a letter offering to 'resolve' a debt because 'an offer to resolve a debt for a lesser amount is not substantively distinct from an offer to settle the same debt for a lesser amount').

Adding to the impression that Lopera's debt was legally enforceable, the Midland letter states that agreeing to one of the listed payment plans will 'get [the debtor] closer to having one less thing to worry about.' The least sophisticated consumer could believe that 'one [ ] thing [he has] to worry about' is Midland filing suit to collect on the time-barred debt if he does not agree to one of the payment options.

Furthermore, unlike Huertas[6] and Freyermuth[7], the *Daugherty*[8], *McMahon*[9], and *Buchanan*[10] cases acknowledge the potentially misleading nature of offers to accept partial payments, where such a payment would revive the time-barred debt under the applicable state law. The Seventh Circuit reasoned that

> *The fact that both [ ] letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount. That is why those offers only reinforced the misleading impression that the debt was legally enforceable.*

McMahon, 744 F.3d at 1021; see also Buchanan, 776 F.3d at 399 *('[A]n unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment.').* Here, the Midland letter offers a partial payment option without discussing the

---

[6] 641 F.3d 28 (3d Cir. 2011)

[7] 248 F.3d 767 (8th Cir. 2001)

[8] 836 F.3d 507 (5th Cir. 2016)

[9] 744 F.3d 1010 (7th Cir. 2014)

[10] 776 F.3d 393 (6th Cir. 2015)

> ***possibility that the first partial payment would make the entire debt legally enforceable again under many states' laws. The Court agrees that the potential revival of a time-barred debt through a partial payment like that requested by Midland 'is almost assuredly not within the ken of most people, whether sophisticated, whether reasonably sophisticated, or whether unreasonably unsophisticated.'*** Buchanan at 399."(internal citations omitted) (emphasis added)

Id. at *5.

Accordingly, similar to the plaintiff in Lopera, Plaintiff's FDCPA claims here are premised on the misleading and deceptive nature of FBCS' debt collection letter, which was barred by the applicable statute of limitations, while at the same offering various partial payment options. *Supra*; *see* ECF No.1 Notably, FBCS' debt collection letter, unlike the debt collection letter in Olsen (and distinguished by this Court in Lopera) fails to state that the applicable statute of limitations had expired and that it, in fact, could not sue Plaintiff on the debt. *Infra* **Section II(B)**; *see also* **Exhibit A**. Accordingly, as will be further shown, Plaintiff's FDCPA legal theory can be juxtaposed with that in Olsen and Holzman warranting a denial of FBCS' motion seeking a stay. *See* ECF No. 9; *infra* **Section I(B); Section I(C)**.

### B. The *Olsen* Decision is Inapplicable to Plaintiff's Case

FBCS' reliance on Olsen, 2016 WL 4248009 is unavailing since the debt collection letter at issue is fundamentally different and the Olsen court's decision indicates numerous distinctions with Plaintiff's case here. *See* **Exhibit A**; *see* ECF No. 9. For example, in Olsen, plaintiff's Section 1692e, Section 1692e(2)(A) and Section 1692e(10)[11] claims were stated as follows: "The complaint that Calvary violated these sections (1) by stating that Calvary "will continue to report information about [Olsen's] account to credit reporting agencies" and (2) by offering to "settle" Olsen's debt after the limitation expired." (internal citations omitted). Id at pp. *1-2. There is no

---

[11] Plaintiff, here, alleged these same FDCPA sections as well as Section 1692f addressed in Olsen. *See* ECF No.1.

dispute that Plaintiff's claims, here, are not based on reporting to a credit agency which is the first point in <u>Olsen.</u> *See* ECF No.1. Regarding the second point in <u>Olsen</u> concerning "offering to settle", Plaintiff's claims are more nuanced ones and the specific statements by FBCS in the subject debt collection letter are radically different than the letter in <u>Olsen</u>. *See* ECF No. 1; **Exhibit A**.

In addition to the actual FDCPA claims, the letters in Plaintiff's and the <u>Olsen</u> case are different. *See* **Exhibit A**. First, the <u>Olsen</u> letter does not offer partial payment options; whereas Plaintiff's letter does. <u>Id</u>; *see also* ECF No. 1. Second, the <u>Olsen</u> letter states: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. We will continue to report information about your account to credit reporting agencies." <u>Id</u>. Nothing resembling that language is present in FBCS' debt collection letter sent to Plaintiff. <u>Id</u>. Thus, <u>Olsen</u> has no bearing on Plaintiff's claims, here, and provides no basis for staying this matter.

### C.    The *Holzman* Decision is Inapplicable to Plaintiff's Case

FBCS' reliance on the <u>Holzman</u> decision in further support of its motion seeking a stay suffers from many of the same deficiencies as previously argued by Plaintiff in analyzing the irrelevance of the <u>Olsen</u> decision. *Supra* **Section I(B)**; *see* **Exhibit B**. For example, the subject debt collection letter in Holzman does not contain different payment plans or payment options, which is present in Plaintiff's debt collection letter from FBCS. *See* **Exhibit B**; *see also* ECF No. 1.

Moreover, the court in <u>Holtzman,</u> noted in the subject debt collection letter "...there is no mention of settlement or settle or offer to settle." **Exhibit B**, p. 19.  FBCS' letter here specifically

states: "You may have an opportunity to split your *settlement* into 6 payments of $45.83 each..." (emphasis added); Id; *see also* ECF No.1. In fact, in granting that defendant/debt collector's motion to dismiss, this Court specifically noted the type of settlement language absent in the Holzman debt collection letter but present in the debt collection letter at issue in Daugherty (which was relied on by the Plaintiff in Lopera and cited to by this Court in Lopera). *See* **Exhibit B**, pp. 19-20; *see also* Lopera, 2016 WL 6650744, *4-6.

Finally, the court in Holzman also discussed the issue of that debt collection letter not containing any language threatening legal action. *See* **Exhibit B**, pp. 20-21. However, the issue in Plaintiff's case here is not whether legal action was threatened, but whether FCBS' debt collection letter was misleading or deceptive, because it failed to inform the consumer that the statute of limitations had expired, and that by entering into a new agreement (via options "1-4"), a new obligation would be created and a new statute of limitations would be established as to the new obligation, thereby allowing FBCS and/or CF Medical LLC the ability to commence legal action against the consumer. This is because not only did Plaintiff not have to pay the debt but FBCS' letter was deceptive and misleading because by choosing either of FBCS' partial payment options, Plaintiff would not know that a new obligation would be created and a new statute of limitations would be established on FBCS' and/or CF Medical LLC's ability to commence legal action against her on the debt.

## CONCLUSION

The Plaintiff respectfully requests that this Court deny in its entirety Defendant's motion

seeking a stay, and for such other, further, and different relief as this Court deems just and proper.

Dated: January 5, 2017

Respectfully submitted,

| | |
|---|---|
| /s/ *Alex A. Stern, Esq.* | *s/ Joseph K. Jones* |
| Alex Stern, Esq. | Joseph K. Jones, Esq. (*admitted pro hac vice*) |
| Little Guy Law Firm, PLLC | Jones, Wolf & Kapasi, LLC |
| 16375 NE 163rd St., Ste. 321 | 555 Fifth Avenue, Suite 1700 |
| North Miami Beach, Fla. 33162 | New York, New York 10017 |
| (305) 900 5489 telephone | (646) 459 7971 telephone |
| littleguy@getourdepositback.com | jkj@legaljones.com e |
| *Attorneys for Plaintiffs* | |