UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA BLUNT, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.                                                                  CASE NO: 8:16-CV-2430-T-30MAP

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Stay Proceedings (Dkt. 9) and Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Stay (Dkt. 17). Upon review of the motion, response, and being otherwise advised in the premises, the court denies Defendant's request for a stay.

## DISCUSSION

On August 24, 2016, Plaintiff, Priscilla Blunt, on behalf of herself and all others similarly situated, brought this putative class action against Defendant Financial Business and Consumer Solutions, Inc. for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") predicated on Defendant's September 9, 2015 collection letter. Specifically, Plaintiff alleges that Defendant's collection letter offered to resolve Plaintiff's time-barred debt without disclosing that the obligation was beyond the applicable statute of limitations. Plaintiff also contends that the collection letter neglected

to inform Plaintiff that if she made a partial payment on the debt, "the applicable statute of limitations could reset or begin anew." (Dkt. 1).

Defendant contends that the allegations in the complaint are substantially similar to claims recently dismissed by courts in *Christopher Olson v. Cavalry Portfolio Services, LLC*, No. 8:15-cv-2520-T-23AAS, 2016 WL 4248009 (M.D. Fla. Aug. 11, 2016) and *Stephen Holzman v. Malcolm S. Gerald & Associates, et al.*, No. 9:16-cv-80643-RLR (S.D. Fla. Sep. 9, 2016) and for which appeals are currently pending before the Eleventh Circuit. Defendant requests a stay of this action pending the resolution of those appeals.

Plaintiff counters that Plaintiff's legal theory is different from the theories pled in *Olson* and *Holzman*. Plaintiff points out that the court in the more recent case of *Lopera v. Midland*, 2016 WL 6650744 (M.D. Fla. Nov. 10, 2016)[1], which contains facts more similar to the instant case, denied the defendant's motion to dismiss and, in doing so, distinguished the facts from those presented in *Olson* and *Holzman*. Upon review of the case law, the Court agrees with Plaintiff because the collection letters in *Olson* and *Holzman* are materially different from the collection letter in this case.

The *Olsen* letter offered to "settle" the debt for a percentage of the outstanding balance but also stated: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. We will continue to report information about your account to credit reporting agencies." *Olsen*, 2016 WL 4248009, at *1. Also, the *Olsen* letter did not offer partial payment options. Defendant's collection letter in this case does

---

[1] Defendant's motion neglects to mention the *Lopera* case.

not contain such an assurance that the debt collector would not sue because of the debt's age; rather, the letter is silent as to litigation and the debt's age. Defendant's collection letter in this case also presented Plaintiff with partial payment options.

The *Holzman* letter is also distinguishable from Defendant's collection letter: there is no mention of settlement or an offer to settle in the *Holzman* letter and the *Holzman* letter does not contain different payment plans or payment options. This is a key distinguishing fact because, although the Eleventh Circuit has not yet addressed this issue, three appellate courts have recently expressed concern with a debt collector's failure to disclose the possibility that a partial payment may revive a time-barred debt. *See*, *e.g.*, *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 513 (5th Cir. 2016) (finding the FDCPA claim plausible and holding that "we agree that a collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) could constitute a violation of the FDCPA."); *Buchanan v. Northland Group, Inc.*, 776 F.3d 393, 399 (6th Cir. 2015) (reversing dismissal of FDCPA claim involving a letter that used the term "settlement offer" and stating, "The other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment. The general rule in Michigan is that partial payment restarts the statute-of-limitations clock, giving the creditor a new opportunity to sue for the full debt. As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk.") (internal citation omitted);

*McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014) (addressing a letter that offered to "settle" a debt and stating, "The fact that both [ ] letters contained an offer of settlement makes things worse, not better, since a gullible consumer who made a partial payment would inadvertently have reset the limitations period and made herself vulnerable to a suit on the full amount. That is why those offers only reinforced the misleading impression that the debt was legally enforceable.").

The main issue presented in Plaintiff's case here is not whether legal action was threatened on a time-barred claim, but whether Defendant's debt collection letter was misleading or deceptive because it failed to inform the consumer that the statue of limitations had expired, and that by entering into a new agreement (via different payment options), a new obligation could be created and a new statute of limitations could be established as to the new obligation, thereby allowing Defendant to commence legal action against the consumer. Because the letters at issue in *Olson* and *Holzman* did not offer partial payments, any ruling from the Eleventh Circuit would not clearly resolve the legal question presented in this case. Accordingly, staying this action would not be appropriate.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Stay Proceedings (Dkt. 9) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on January 13, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:

Counsel/Parties of Record