**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PRISCILLA BLUNT, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.                                                  CASE NO: 8:16-CV-2430-T-30MAP

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before Plaintiff's Second Motion for Extension of Time to File Motion for Class Certification (Dkt. 23) and Defendant's Response in Opposition (Dkt. 25). Upon review of the motion, response, and being otherwise advised in the premises, the Court denies Plaintiff's request for an extension.

## BACKGROUND

On August 24, 2016, Plaintiff Priscilla Blunt, on behalf of herself and all others similarly situated, brought this putative class action against Defendant Financial Business and Consumer Solutions, Inc. for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") predicated on Defendant's collection letter. Specifically, Plaintiff alleges that Defendant's collection letter offered to resolve Plaintiff's time-barred debt without disclosing that the obligation was beyond the applicable statute of limitations. Plaintiff also contends that the collection letter neglected to inform Plaintiff that

if she made a partial payment on the debt, "the applicable statute of limitations could reset or begin anew." (Dkt. 1).

On November 21, 2016, Plaintiff filed her first motion to extend Local Rule 4.04(b)'s ninety-day deadline[1] to file a Rule 23 class certification motion and for leave to conduct class discovery. (Dkt. 4). On November 22, 2016, the Court denied the motion without prejudice because Defendant had not yet appeared in the case. The Order stated that "Plaintiff may refile her motion after Defendant has appeared and after Plaintiff's counsel has adequately conferred with Defendant's counsel on the issues contained in the motion. The deadline to file any motion for class certification is stayed *during this time*." (Dkt. 5) (emphasis added).

On November 30, 2016, Defendant filed its answer, which was its first appearance in this case. (Dkt. 6). On December 15, 2016, Plaintiff filed a "Notice of Compliance," which indicated that Defendant did not agree with Plaintiff's request to seek an extension of time to file a motion for class certification. (Dkt. 10). However, contrary to the Court's November 22, 2016 Order, Plaintiff did not "refile her motion" to extend the deadline to file a motion for class certification, despite the fact that the stay to file the motion had expired. Nor did Plaintiff file a motion to conduct class discovery prior to the case management meeting. Instead, this litigation proceeded for over five months. During this time, there were several filings.

---

[1] Local Rule 4.04(b) requires a plaintiff to move for a determination under Rule 23 "as to whether the case is to be maintained as a class action" within ninety days following the filing of the initial complaint.

In December, Defendant moved to stay this action pending the resolution of appeals before the Eleventh Circuit that Defendant believed involved substantially similar allegations to the facts of this case. (Dkt. 9). The Court denied Defendant's motion on January 13, 2017. (Dkt. 18).

On February 24, 2017, the parties filed their joint Case Management Report (the "CMR"). (Dkt. 20). The CMR was silent as to any issues related to class discovery, or the deadline to file a motion for class certification. The CMR also informed the Court that the parties did not have "any disagreement *or unresolved issues concerning discovery at this time.*"[2] *Id.* (emphasis added).

On February 28, 2017, the Court entered the Case Management and Scheduling Order (the "Scheduling Order"). (Dkt. 21). The Scheduling Order set forth the following deadlines: Third-Party Joinder Cut-Off - March 24, 2017; Plaintiff's Expert Disclosure - June 23, 2017; Defendant's Expert Disclosure - July 24, 2017; Discovery Deadline - August 25, 2017; and Dispositive Motion Deadline - September 25, 2017. *Id.*

On April 20, 2017, Defendant provided discovery responses to Plaintiff. Notably, Defendant objected to any class-related discovery based on Plaintiff's failure to timely move, under Rule 23, for class certification.

On May 31, 2017, Plaintiff filed the instant motion, requesting an extension of time to file a motion for class certification. (Dkt. 23). Acknowledging that her motion is

---

[2] Notably, the CMR has a section titled "Discovery Plan - Plaintiff," that requests Plaintiff to describe "every discovery effort Plaintiff plans to pursue . . ." Plaintiff did not reference class discovery in this section or anywhere else in the CMR. (Dkt. 20).

untimely, Plaintiff argues "excusable neglect," stating that Defendant never moved to strike Plaintiff's class allegations; Defendant cannot establish prejudice; and that any delay was made in good faith. (Dkt. 23). Based on the facts of this case, the Court concludes that Plaintiff has not met her burden to establish excusable neglect.

## **DISCUSSION**

Plaintiff's request for an extension of time is governed by Fed. R. Civ. P. 6(b) because the deadline to move for class certification has expired. Rule 6(b) provides, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Determining excusable neglect requires consideration of the following four factors: (1) the danger of prejudice to the nonmovant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Adv. Estimating System, Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997).

A consideration of the four factors shows a lack of excusable neglect. Plaintiff failed to timely refile her motion despite the Court's specific instruction to do so after Plaintiff's counsel and Defendant's counsel conferred on the matter. Plaintiff knew, as early as December 15, 2016, that Defendant opposed her request—yet, curiously, Plaintiff waited until May 31, 2017, to file the instant motion.

Even more curious, the parties jointly filed the CMR and Plaintiff made no reference to any class-related discovery. Also, the CMR did not reference any deadline for filing a

motion for class certification. And the CMR informed the Court that there were no unresolved issues concerning discovery.

The length of Plaintiff's delay is significant because the expert deadlines are rapidly approaching and the discovery deadline is August 25, 2017. If the Court were to grant Plaintiff's motion, all of the deadlines contained within the Scheduling Order would have to be extended in order to accommodate Plaintiff's request to conduct class discovery. Plaintiff acknowledges that she cannot file a motion to certify the class until class discovery occurs. The delay would clearly prejudice Defendant and this judicial proceeding.

Even of more consequence, Plaintiff's reason for the delay is unclear. Plaintiff was clearly aware of her obligations under Rule 23 and Local Rule 4.04 to move for class certification, yet she waited over five months after the deadline had expired to seek an extension of time. And, to the extent that she was somehow unaware of the deadline, Plaintiff does not explain why she waited approximately forty-one days after receiving Defendant's discovery responses containing objections based on Plaintiff's failure to timely seek class certification to file the instant motion.

Finally, it is important to note that Plaintiff's focus on Defendant's inaction to move to strike the class allegations and Defendant's failure to pursue discovery from Plaintiff is irrelevant. Defendant does not have an affirmative duty to move to strike Plaintiff's class action allegations. Also, Defendant's failure to seek discovery from Plaintiff has nothing to do with Plaintiff's failure to timely move for class certification.

In sum, Plaintiff has not established excusable neglect in order to receive an extension of time to file a motion for class certification.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Second Motion for Extension of Time to File Motion for Class Certification (Dkt. 23) is DENIED.

2. The Court STRIKES from the Complaint any class action allegations because Plaintiff failed to timely move for class certification.

**DONE** and **ORDERED** in Tampa, Florida on June 9, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record