UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA BLUNT, on behalf of herself and
all others similarly situated,

    Plaintiff,

v.                                                        CASE NO: 8:16-CV-2430-T-30MAP

FINANCIAL BUSINESS AND CONSUMER
SOLUTIONS, INC.,

    Defendant.
_____/

# ORDER

THIS CAUSE comes before the Court upon Plaintiff's "Memorandum of Law in Support of Counsel's Petition for Final Judgment Including an Award of Attorney's Fees and Reimbursement of Expenses" (Dkt. 32) and Defendant's Response in Opposition and Request for Sanctions (Dkt. 33). Upon review of the motion, response, and being otherwise advised in the premises, the Court denies Plaintiff's motion, vacates the Court's 60-Day Order of Dismissal (Dkt. 28) and instructs Plaintiff to SHOW CAUSE within fourteen (14) days of this Order why the Court should not enter sanctions against Plaintiff for the multiple misrepresentations that Plaintiff has made to this Court.

## DISCUSSION

On June 13, 2017, Plaintiff Priscilla Blunt filed a "Notice of Plaintiff's Acceptance of Defendant's Rule 68 Offer of Judgment." (Dkt. 27). On June 14, 2017, the Court, in reliance on Plaintiff's Notice, entered a 60-Day Order of Dismissal. (Dkt. 28). The 60-Day

Order stated, in relevant part, that the parties had 60 days to file a "stipulated form of final order or judgment should they so choose," or, during that same period of time, either party could move to reopen the action "upon good cause shown." The 60-Day Order further instructed that after the "60-day period," dismissal would be "with prejudice." (Dkt. 28).

On August 10, 2017, Plaintiff filed a Motion for Attorney's Fees. (Dkt. 29). The next day, on August 11, 2017, the Court denied the Motion for its failure to comply with Local Rule 3.01(g).[1] The Court also noted that the Motion seemed premature because the parties had not provided the Court with a stipulated final judgment. (Dkt. 30).

On August 14, 2017, Plaintiff filed a one-page letter to the Court that was stricken because it did not comply with the Court's Local Rules to the extent that it was not a motion, did not contain a legal memorandum, and, once again, did not contain a certificate of conference as required under Local Rule 3.01(g). (Dkt. 31).

On August 18, 2017, Plaintiff filed a Motion for Attorney's Fees and represented that she had accepted Defendant's Offer of Judgment in the amount of $1,050, but that the parties were unable to come to an agreement on an amount of attorney's fees and costs. (Dkt. 32).

On September 1, 2017, Defendant filed its Response in Opposition and Request for Sanctions. (Dkt. 33). Defendant states that Plaintiff did not timely accept the Offer of Judgment. Specifically, Defendant claims that the Offer of Judgment was deemed withdrawn because Plaintiff did not accept it during the fourteen-day deadline. *See* Fed. R. Civ. P. 68 ("If, *within 14 days after being served*, the opposing party serves written notice accepting the

---

[1] Local Rule 3.01(g) requires the moving party to include a statement that moving counsel has conferred with opposing counsel and whether the motion is opposed.

offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.") (emphasis added). A review of the documents attached to Defendant's Response makes clear that Plaintiff's acceptance was untimely.

Notably, Defendant's Response attaches an e-mail Defendant's counsel sent to Plaintiff's counsel on June 15, 2017, informing Plaintiff's counsel that the acceptance was untimely. The e-mail states that there is no agreement between the parties for settlement because the Offer of Judgment was "no longer in existence at the time of acceptance" and that the parties "need to move forward with moving the Court to re-open the action for litigation based on the invalid Notice of Acceptance." (Dkt. 33-2). As outlined above, despite this e-mail, Plaintiff filed the August 10, 2017 Motion for Attorney's Fees and continued to represent that the only remaining issue was the Court's determination of a reasonable amount for attorney's fees and costs.

Defendant's Response also attaches a second e-mail that Defendant's counsel sent to Plaintiff's counsel on August 16, 2017—*two days before Plaintiff's most recent Motion claiming that the Offer of Judgment was timely accepted*—informing Plaintiff's counsel that his actions have been "improper" because Plaintiff's counsel is "absolutely aware" that the Notice of Acceptance Plaintiff filed with the Court is "bogus." (Dkt. 33-3).

Upon review of this entire record, the Court agrees that Plaintiff has been disingenuous with this Court. Indeed, Plaintiff's filings have continuously maintained that there was a valid acceptance of Defendant's Offer of Judgment and that the only remaining issue to be resolved is an award of attorney's fees and costs. These misrepresentations make

a mockery of the Court, waste judicial resources, unreasonably and vexatiously multiply this proceeding, and will not be permitted.

Accordingly, because Plaintiff's misrepresentations resulted in the entry of the Court's 60-Day Order of Dismissal, the Court will first vacate that Order and direct the Clerk to reopen this case. Plaintiff will then have to show cause in writing why sanctions should not be entered against Plaintiff for these misrepresentations.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's "Memorandum of Law in Support of Counsel's Petition for Final Judgment Including an Award of Attorney's Fees and Reimbursement of Expenses" (Dkt. 32) is DENIED.

2. The Court's 60-Day Order of Dismissal is hereby VACATED.

3. The Clerk of Court is directed to reopen this case.

4. **Plaintiff shall SHOW CAUSE in writing within fourteen (14) days of this Order why sanctions should not be entered against Plaintiff and/or Plaintiff's counsel for the repeated misrepresentations discussed herein.**

**DONE** and **ORDERED** in Tampa, Florida on September 6, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record